RECEIVED

SEP 03 2021

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
BY_____ SHREVEPORT LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| SANDRA LEE | ) | CIVIL ACTION NO. |
| | ) | |
| VERSUS | ) | JUDGE _____ |
| | ) | |
| CITY OF SHREVEPORT, | ) | MAG. JUDGE _____ |
| JOE MERO, in his individual capacity and his | ) | |
| Official capacity as Assistant Director of SPAR | ) | |

## COMPLAINT

### NATURE OF ACTION

**1.**

This a civil action for damages pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., LA. R.S. 23:301 *et seq.*, and arising from employment discrimination based on the age discrimination by the Defendant, behavior prohibited by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.* and under Louisiana's anti-discrimination laws, LA. R.S. 23:312 *et seq.* and La. R.S. 51:2231 *et seq.*, Retaliation, 42 U.S.C. § 1983, and violations of constitutional rights by government actors, for injuries and damages arising from acts of discrimination.

### PARTIES

**2.**

The plaintiff is **Sandra Lee** ("Lee"), a female citizen of the United States, a resident of Shreveport, Caddo Parish, Louisiana and is sixty-seven (67) years of age. During all relevant periods, Plaintiff was employed by the City of Shreveport, Louisiana.

**3.**

The Defendants are:

**CITY OF SHREVEPORT**, a Louisiana Home Rule Charter municipality of the State of Louisiana.

**JOE MERO** ("Mero"), the duly appointed Assistant Director of SPAR. Mero is sued in his official and individual capacities.

### JURISDICTION

4.

This Court has jurisdiction over this matter as the claims arise under federal law. This Court has supplemental jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. § 623, and 23 U.S.C. §1367 *et seq.*, to hear and decide claims arising under state law.

### VENUE

5.

Venue is proper in this Court as the actions giving rise to these claims and causes of action occurred within the jurisdiction of the Western District of Louisiana, Shreveport Division.

### DISCRIMINATION CLAIMS UNDER TITLE VII, ADEA, AND LOUISIANA LAW

6.

Lee, a former employee of the City of Shreveport, was forced to submit her resignation on October 23, 2020, because she was denied a promotion because of her age and sex, in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., LA. R.S. 23:301 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), and in violation of La. R. S. 23:312 *et seq.* and La. R.S. 51:2231 et. Seq., and subsequent retaliation against her by Assistant Director Joe Mero.

7.

Throughout Lee's over five (5) years of employment, her performance met the City of Shreveport's requirements, and was consistently satisfactory.

8.

Lee began her employment with the City of Shreveport as an Instructor II in 2015, progressed to Recreation Specialist as well as a Center Manager in 2016, and then ultimately to a Recreation Supervisor II in 2018.

9.

Joe Mero, Assistant Director of SPAR (Shreveport Public Assembly & Recreation), acknowledged to both Lee and her direct supervisor, Kenneth Cornelius, that because Lee had already been performing the essential job functions of the position, Lee would soon be promoted to the position of Recreation Superintendent.

10.

Mero acknowledged that Lee had been working out of class since April 2018, and as such, she had been maintaining the duties of a Superintendent in the recreation division since that time.

11.

In or around September 2019, a Superintendent position was advertised by the City of Shreveport in Lee's department, SPAR. At the time of the advertising, there was no distinction made as to whether the position was in the Athletics or the Recreation Division.

12.

Suspiciously, while Lee was off work under the Family Medical Leave Act (FMLA) dealing with COVID-19 and issues related thereto, the aforementioned Superintendent position she was promised was publicly advertised.

13.

FMLA notwithstanding, Lee applied for the position and was eventually contacted by Human Resources. Lee was informed by Human Resources that the decision was made that the position would be in the Athletics Division.

14.

Lee asserts that the publicly presented SPAR 2020 budget provided room for growth in both the Athletic and Recreation Division, yet by all accounts available to Lee, the advertised Superintendent position was abruptly designated for the Athletic Division at the very moment Lee applied for the position. Clearly with the intent to exclude her from the opportunity she was promised.

15.

It became very apparent to Lee that "the fix was in", and Mero had no intent of offering her the promotion. Considering her circumstances relative to her approved FMLA leave, plus the anxiety and distress surrounding being over worked and under paid, and then receiving the news that she was being excluded from a promotion for which she was promised, Lee declined the interview.

16.

In or around October 2019, Shaun Houston, an external applicant and a male in his thirties (30s), was hired for the position after interviewing with Joe Mero.

17.

Upon information and belief, in his tenure, Joe Mero has promoted one (1) male to Lead Superintendent in the Recreation Division, hired one (1) male Superintendent in Athletics, and hired one (1) male as Division Manager in Athletics.

18.

Any and all hires or promotions made by Joe Mero, during his tenure as Assistant Director of SPAR, in upper supervisory roles has gone to males. All of whom were younger than Lee at the time they were hired or promoted.

### RETALIATION CLAIM AGAINST JOE MERO

*42 U.S.C. § 1983*

19.

On suggesting to the Court that it has been long stated that acts to oppose discrimination are considered protected activity as long as the employee was acting on a reasonable belief that something in the workplace may violate EEO laws.

20.

In or around February 2020, Lee complained to her supervisor and ultimately Human Resources about discrimination against herself regarding her promotion, wages, and assigned duties, as such a job audit was requested.

21.

In or around May 2020, it was determined via said job audit that Lee's position had been misclassified as she was performing Superintendent job duties for a period of over two (2) years. As such, it was determined that Plaintiff would be paid the maximum six (6) months' worth of back wages.

22.

As a direct result of Lee's complaints and request for job audit, on or about August 7, 2020, Joe Mero stripped away Lee's administrative tasks and duties resulting in her no longer working

in the Administrative Building, thereby lowering her status and placing her back in a recreational facility.

23.

Joe Mero's actions ultimately placed Lee back in her pre-supervisory role without changing her job title. Oddly, while Lee was no longer needed to fulfill the Superintendent duties for which she was relied upon, she was somehow also no longer needed to fulfill the tasks and duties of a Recreational Supervisor II.

24.

As a result of the downgrade to Lee's job functions, she was ultimately furloughed as there were no duties for her to complete pursuant to the COVID-19 restrictions of the department. But for the actions of Joe Mero, Lee would have not been furloughed.

25.

Joe Mero embarked upon an orchestrated campaign of retaliatory harassment designed to make Lee so miserable at work so that she would be compelled to resign, and/or to secure pretextual reasons to fire her should she not resign.

26.

Mero's conduct caused Lee to suffer severe mental and emotional distress requiring medical treatment.

27.

Mero acted with willfulness or with reckless indifference to Lee's right to engage in protected conduct.

28.

Mero is liable in his individual capacity to Lee for all damages and injuries Lee suffered due to Mero's intentional campaign of retaliatory harassment of Lee's employment, because he acted with willful and/or reckless indifference to Lee's rights, Mero may be cast in judgment for punitive damages. He further owes costs and attorney's fees as authorized by 42 U.S.C. §1988.

La. R.S. 51:2256

29.

Lee's complaints to the City of Shreveport's Human Resources Department and to her supervisor concerned age and sexually discriminatory practices in connection with her employment and an "unlawful practice" as defined by LA. R.S. 51:2232 (10).

30.

As a result of Lee's complaints, a determination was made in her favor.

31.

Joe Mero retaliated against Lee because she had opposed an unlawful, sexual, and/or age-related discriminatory practice in connection with her employment.

32.

La. R.S. 51:2256 prohibits any person from discriminating or retaliating "in any manner" against one who has opposed an unlawful practice.

33.

Mero retaliated against Lee by creating a retaliatory hostile work environment that culminated in Lee being furloughed and ultimately resigning.

34.

Pursuant to the provisions of R.S. 51:2256 and R.S. 51:2264, Mero is liable to Lee for all damages caused by Mero's retaliatory actions, plus costs and attorney's fees.

### CLAIMS AGAINST THE CITY OF SHREVEPORT

*La. R.S. 51:2256*

35.

The City of Shreveport is also vicariously liable for the wrongful conduct of Joe Mero as his employer.

36.

The City of Shreveport was aware that Mero was retaliating against Lee with the intent to force her to resign and tacitly approved of Mero's conduct by failing to issue the six (6) months of back pay to which Human Resources determined she was owed. The city is liable to Plaintiff for compensatory damages, lost wages and benefits, costs, and attorney's fees, plus pre-judgment interest.

*42 U.S.C. § 1981*

37.

The City of Shreveport is the employer of Joe Mero.

38.

They are liable under 42 U.S.C. § 1981 for damages caused to Lee by the retaliatory conduct of their supervisory, agent level employee, Joe Mero committed because of Lee's age and/or because of Lee's complaint of unlawful practice. They are also liable for costs and attorney's fees.

JURY TRIAL

39.

Lee requests a trial by jury.

EXHAUSTON OF REMEDIES

40.

On September 2, 2020, Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) and the Louisiana Commission on Human Rights, a charge that the City of Shreveport discriminated against him based on age, sex, and retaliation.

41.

On June 8, 2021, the EEOC sent Plaintiff written notice that EEOC was not able to conclude that there was a violation of the statutes, and that Plaintiff therefore had the right to institute a civil action against Defendant.

42.

More than sixty (60) days has elapsed since the filing of the charges with the EEOC regarding Defendants' discriminatory conduct.

**WHEREFORE, PLAINTIFF PRAYS:**

A. That the Court declare the employment practices of which the complaint is made to be in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., and Louisiana Revised Statutes, 23:301 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 20 U.S.C. § 623 *et seq.* and Louisiana's anti-discrimination laws, LA. R.S. 23:312 *et seq.* and La. R.S. 51:2231 *et seq.*, and 42 U.S.C. § 1983.

B. That the plaintiff be awarded back pay, including prejudgment interest, front pay and other benefits or seniority to which she may be entitled or which she may have lost as a result of the discrimination against her.

C. That the plaintiff be awarded compensatory damages pursuant to 42 U.S.C. §1981(a) and Louisiana law.

D. That the plaintiff be awarded punitive damages pursuant to 42 U.S.C. §1981(a).

E. That the court award such other relief to which the plaintiff may be entitled under the applicable provisions of state and federal law, including reasonable attorney's fees, interest thereon, and all costs of this action, including expert witness fees, and that plaintiff be awarded interest on all monetary relief, including back pay, costs, fees, and expenses, from the date of judicial demand.

F. For trial by jury for those matters triable to a jury; and

G. That the plaintiff be awarded such relief as the Court finds equitable, just and proper.

Respectfully Submitted,

IN PROPER PERSON

By: _/s/ Sandra Lee_
SANDRA LEE
P.O. Box 29425
Shreveport, LA 71149
Tel: (318) 564-2367

**RECEIVED**

SEP 03 2021

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| SANDRA LEE | ) | CIVIL ACTION NO. |
| | ) | |
| VERSUS | ) | JUDGE _____ |
| | ) | |
| CITY OF SHREVEPORT, | ) | MAG. JUDGE _____ |
| JOE MERO, in his individual capacity and his | ) | |
| Official capacity as Assistant Director of SPAR | ) | |

**VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF** Caddo

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**SANDRA LEE**

who, after being duly sworn did declare and state that he has reviewed the allegations of facts contained within the foregoing "COMPLAINT" and that the allegations contained therein are true and correct, to the best of her knowledge, information and belief.

_____
**SANDRA LEE**

SWORN TO AND SUBSCRIBED, before me, Notary Public, Parish of Caddo, State of Louisiana, this 3rd day of September, 2021.

_____
**NOTARY PUBLIC**

Meter Ashton Johnson, Notary Stamp
Caddo Parish, Louisiana
My Commission is Life
23382

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

RECEIVED
SEP 03 2021
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

To: Sandra K. Lee
4814 5L Westwood Pk Dr.
Shreveport, LA 71109

From: New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Room 809
New Orleans, LA 70130

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 461-2020-01813 | Vera Sumpter, Investigator | (504) 635-2555 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For
Malcolm S. Medley, Director

(Date Issued)

Enclosures(s)

cc: Edwin H. Byrd, III
PETTIETTE, ARMAND, DUNKELMAN, WOODLEY, BYRD AND CROMWELL
P.O. Box 1786
Shreveport, LA 71166

Robert Pearson, ESQ
Pearson Mitchell Law Firm
4480 General DeGaulle Dr., Ste 115
New Orleans, LA 70131

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*