UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SANDRA LEE | CIVIL ACTION NO. 21-3232 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF SHREVEPORT AND JOE MERO IN HIS INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS ASSISTANT DIRECTOR OF SPAR | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by Defendant, the City of Shreveport ("the City"). See Record Document 31. Plaintiff Sandra Lee ("Lee") did not file an opposition despite having the opportunity to do so. See Record Document 32. For the reasons assigned below, the City's motion is **GRANTED**.

## BACKGROUND

From 2015 until her resignation in October 2020, Lee worked for Shreveport Public Assembly and Recreation ("SPAR"). See Record Document 1 at ¶ 11. During Lee's employment, she held a number of positions and was ultimately promoted to a recreation supervisor. See id. at ¶¶ 9, 10. Lee claims that after her promotion, Joe Mero ("Mero"), the Assistant Director of SPAR, notified her that she would be promoted to superintendent because she had been performing the essential job functions of that position since April 2018. See id. SPAR internally advertised the position about which Lee alleges she and Mero spoke and in October 2019, SPAR hired an external candidate, a white male in his thirties, to fill the position. See id. at ¶ 16.

Lee alleges that in February 2020, she complained to her direct supervisor and then to Human Resources "about discrimination against herself regarding her promotion, wages, and

assigned duties," and requested a job audit.  Id. at ¶ 20.  The job audit revealed that Lee's position had been misclassified as she had been performing superintendent job duties for over two years.  Accordingly, Lee was paid the maximum six months' worth of back wages.  See id. at ¶ 21.  Lee claims that "[a]s a direct result of [her] complaints and request for job audit, . . . Mero stripped away Lee's administrative tasks and duties resulting in her no longer working in the Administrative Building, thereby lowering her status and placing her back in a recreational facility" (the "rental position").  Id. at ¶ 22.  Lee further argues that "[a]s a result of the downgrade [in her] job functions, she was ultimately furloughed," and that "Mero embarked upon an orchestrated campaign of retaliatory harassment designed to make Lee so miserable at work so that she would be compelled to resign."  Id. at ¶¶ 24, 26.

In September 2020, Lee filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and on September 3, 2021, filed suit in this Court against Mero and the City.  See Record Documents 1 and 31-9 at ¶ 10.  In her Complaint, Lee raised a number of claims, including claims for retaliation under Title VII, the Age Discrimination in Employment Act ("ADEA"), and Louisiana Revised Statute Section 51:2256.  See id. at ¶¶ 34, 36.  In November 2021, the City and Mero filed a joint motion to dismiss all claims against them, which this Court granted except as to Lee's retaliation claims against the City.  See Record Documents 10 and 18.  On January 13, 2023, the City filed the instant motion for summary judgment as to Lee's remaining claims against it.  See Record Document 31.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of

2

the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). If the moving party succeeds, the onus shifts to "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324. In deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations or weighing the evidence. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000).

The court may not grant an unopposed motion for summary judgment simply because the non-moving party failed to file an opposition. See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). However, the non-moving party's failure to file an opposition and statement of contested materials does require the court to deem the moving party's statement of uncontested material facts admitted for purposes of the motion. See Local Rule 56.2; see also Green v. LSU Health Scis. Ctr., No. 07-CV-1819, 2008 WL 4861995, at *2 (W.D. La. Nov. 10, 2008).

## ANALYSIS

Claims for retaliation under Title VII and the ADEA are subject to the burden-shifting framework of McDonnell Douglas Corporation v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).[1] See Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998). Under McDonnell Douglas, the plaintiff must first establish a prima facie case of retaliation. See id. To state a prima facie case for retaliation under Title VII or the ADEA, a plaintiff must show: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. See id. In the employment retaliation context, an employee engages in a protected activity if she opposes a practice made unlawful by statute or if she makes a charge, testifies, assists, or participates in any manner with a Title VII investigation, proceeding, or hearing. See 42 U.S.C. § 2000e-3(a); see Grimes v. Tex. Dep't of Mental Health, 102 F.3d 137, 140 (5th Cir. 1996). An "adverse employment action [is] any action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" McCoy, 492 F.3d at 559 (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 54, 126 S.Ct. 2405 (2006)).

If the plaintiff successfully makes a prima facie showing, the burden then shifts to the employer to show a legitimate, nonretaliatory reason for its employment action. See id. at 557. This burden is merely one of production, not of persuasion, and involves no credibility assessment. See id. "If the employer meets its burden of production, the plaintiff then bears the ultimate burden

---

[1] Lee also brings a retaliation claim under state law. However, Louisiana courts have recognized that Louisiana's antiretaliation laws are substantially similar to their federal counterparts such that courts may appropriately consider interpretations of federal antiretaliation laws when construing Louisiana law. See Johnson v. Hosp. Corp. of Am., 767 F.Supp.2d 678, 712-13 (W.D. La. 2011) (collecting cases). Thus, the analysis for Lee's state retaliation claim is the same as that of her federal retaliation claims.

4

of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." Id. This requires the plaintiff to rebut each nonretaliatory reason that the employer articulated. See id.

In its motion for summary judgment, the City urges the Court to dismiss Lee's retaliation claims, arguing that she cannot meet any of the three required elements under McDonnell Douglas. First, the City argues that there is no evidence that Lee lodged a discrimination complaint against Mero and, thus, Lee cannot show that she engaged in a protected activity. Second, the City argues that Lee has not shown an adverse employment action because she was furloughed pursuant to her own request, not because her job duties were significantly downgraded. Finally, the City insists that even if Lee's transfer to the rental position constitutes an adverse employment action, "there is no indication whatsoever that . . . [it] was linked to any protected activity," particularly because Mero did not know about the alleged complaints until after Lee filed her complaint with the EEOC. Record Document 31-1 at 11. The City further argues that even if Lee has established a prima facie case of retaliation, the Court should grant its motion for summary judgment because Mero's actions were legitimate and non-pretextual. Specifically, the City argues that Mero transferred Lee to the rental position because the duties required by her former position were no longer available due to Covid-19 restrictions.

In this case, there is no evidence in the record supporting any of Lee's allegations as to the elements required to establish a prima facie case of retaliation. On the other hand, the City submitted summary judgment evidence which establishes the following: (1) SPAR has no record that Lee made a discrimination complaint, nor is Shelly Ragle, the director of SPAR, aware of any

5

such complaint;[2] (2) Lee requested to be furloughed;[3] and (3) Mero had no knowledge of any discrimination complaint against him by Lee until Lee filed a complaint with the EEOC. See Record Documents 31-3 at ¶ 10, 31-5, and 31-9 at ¶ 10. Because this evidence is uncontroverted, there is no genuine dispute of material fact as to the prima facie elements of Lee's retaliation claims and, thus, they fail as a matter of law.

However, even if Lee had presented evidence which successfully established a prima facie case of retaliation, her claims would still fail because Mero had a legitimate, non-pretextual reason for modifying Lee's position and physically relocating her to another building. The City produced a sworn declaration by Mero in which he attests that Lee's primary duties were assisting with SPAR recreation programs and activities and that in May 2020, all of these programs and activities were halted due to COVID-19 restrictions imposed by state and local government. See Record Document 31-9 at ¶ 2. Due to these restrictions, SPAR's facilities were not being used and SPAR decided to rent out the facilities. See id. at ¶ 4. In May 2020, Mero was asked to find a SPAR employee to manage scheduling and payment of the recreation centers. See id. at ¶ 3. Mero attests that on or about May 14, 2020, he assigned Lee to the rental position, which was a supervisory role, because he "considered her to be a trustworthy and outstanding employee, and . . . wanted

---

[2] The Court does not read Lee's Complaint to allege that the requested job audit constitutes a protected activity. However, to the extent that Lee intended to argue that it is, Lee's position fails. Lee does not argue, nor does she support with evidence, that a job audit constitutes an opposition to an unlawful practice sufficient to constitute a protected activity.

[3] Lee also alleges that Mero "orchestrated [a] campaign of retaliatory harassment" against her. Record Document 1 at ¶ 25. However, Lee does not allege any facts to support this, nor does she offer any summary judgment evidence in support of this allegation. Accordingly, this allegation is insufficient to show that Lee suffered an adverse employment action. See Weems v. Dall. Indep. Sch. Dist., 260 F.Supp.3d 719, 726 (N.D. Tex. 2017) ("Unsubstantiated assertions . . . are not competent summary judgment evidence.") (citing Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994)).

her to remain employed at SPAR" after her job functions were limited due to COVID-19 restrictions. Id. at ¶¶ 4, 9. The City also produced an email in which Mero thanked Lee for training on the rental process and explained that SPAR was not renting out its facilities or taking payments for rentals at that time, but that he would call Lee back to work when the facilities reopened. See Record Document 31-11. The email also noted that Mero would update Lee on the location of her new office before she returned. See id. In short, the City proposed that Lee's duties and office location changed because COVID-19 restrictions required her original position to be modified. Lee has not refuted this explanation and, thus, there is no genuine issue of material fact and the City is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the City's motion for summary judgment is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all of Lee's remaining claims against the City shall be **DIMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 10th day of February, 2023.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE